UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IARNACH TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC., AT&T CORP., AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, and AT&T SERVICES INC., <br><br> Defendants, <br><br> and <br><br> NOKIA OF AMERICA CORPORATION, <br><br> Movant-Intervenor. | Case No. 2:23-cv-00231 <br><br> JURY TRIAL DEMANDED |

**MOVANT-INTERVENOR NOKIA'S**
**UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

**TABLE OF CONTENTS**

I.    INTRODUCTON ........................................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................................ 3

III.  ARGUMENT .................................................................................................................. 3

     A.    Mandatory Intervention ...................................................................................... 4

     B.    Permissive Intervention ...................................................................................... 6

IV.  CONCLUSION ............................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*Chandler & Price Co. v. Brandtjen & Kluge, Inc.*,
   296 U.S. 53 (1935) ................................................................................................... 2

*Codex Corp. v. Milgo Elec. Corp.*,
   553 F.2d 735 (1st Cir. 1977) .................................................................................... 4

*Edwards v. City of Houston*,
   78 F.3d 983 (5th Cir. 1996) (en banc) ..................................................................... 5

*Ericsson Inc. v. D-Link Sys., Inc.*,
   No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. 205 ................................................ 5

*Heaton v. Monogram Credit Card Bank*,
   297 F.3d 416 (5th Cir. 2002) .................................................................................... 6

*Kahn v. Gen. Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) ................................................................................ 2

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990) ........................................................................ 2, 4, 6

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
   732 F.2d 452 (5th Cir. 1984) (en banc) ................................................................ 4, 7

*Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*,
   No. 3:04-cv-00669 (N.D. Tex. Jan. 28, 2005), Dkt. 50 ............................................ 6

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
   No. 2:17-CV-00235-JRG, 2017 U.S. Dist. LEXIS 201769 (E.D. Tex. Dec. 7, 2017) ...... 5, 6, 7

*Texas v. United States*,
   805 F.3d 653 (5th Cir. 2015) .................................................................................... 4

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649 (E.D. Tex. May 10, 2010) ................. 5

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*,
   834 F.3d 562 (5th Cir. 2016) .................................................................................... 5

**Statutes**

35 U.S.C. §§ 102, 103 ........................................................................................................ 7

**Other Authorities**

Federal Rule of Civil Procedure 24 ..................................................................................1, 2, 4, 7

Pursuant to Federal Rule of Civil Procedure 24, Movant-Intervenor Nokia of America Corporation ("Nokia") respectfully moves for leave to intervene as a defendant in the above-titled case. As detailed more fully below, Nokia has demonstrated constitutional standing to intervene and satisfies the requirement for intervention as a matter of law under Federal Rule of Civil Procedure 24(a), and, alternatively, permissive intervention under Rule 24(b).

Furthermore, neither Plaintiff Iarnach Technologies Ltd. ("Iarnach") nor AT&T Inc., AT&T Corp., AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services Inc. ("AT&T") oppose Nokia's intervention. Nokia respectfully requests that the court grant it leave to intervene and file a responsive pleading in intervention within two business days of its motion being granted.[1]

## I.    INTRODUCTON

Plaintiff Iarnach sued Nokia customer AT&T on May 26, 2023, asserting five patents including U.S. Patent Nos. 8,712,242 ("'242 Patent"), 8,934,359 ("'359 Patent"), 8,942,378 ("'378 Patent"), 9,806,892 ("'892 Patent") and 9,363,013 ("'013 Patent") (collectively, "Patents-in-Suit"). Dkt. 1. Nokia seeks to intervene so that the dispute between Nokia and Iarnach may be efficiently disposed of in the pending proceeding. None of the parties to this action oppose Nokia's motion.

This case presents a justiciable controversy as to Nokia. Nokia provides AT&T with certain types of network equipment (the "Accused Products") that AT&T uses in its network, such as components necessary for AT&T to provide fiber-optic networks and network services. Iarnach has accused AT&T's use of such products of infringement in its Complaint. *Id.* at ¶61. Nokia, as a designer, manufacturer, and seller of certain of the Accused Products, has a substantial interest

---

[1] In accordance with Federal Rules of Civil Procedure 24(c), a copy of Nokia's proposed Answer in Intervention and Counterclaims is attached as Exhibit A.

in the litigation and is in the best position to defend infringement claims directed to those products. "It is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (noting a manufacturer's intervention in infringement action against a customer is "necessary for the protection of its interest"). The Federal Circuit has even gone so far as to say customer suits, such as this one, should yield to suits raising the same claims against the product manufacturer. *See, e.g., Katz*, 909 F.2d at 1464 (upholding stay of patent infringement suit against customers, stating "in reality, the manufacturer is the true defendant in the customer suit"); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (explaining the "customer suit exception" exists because a manufacturer has a "presumed greater interest in defending its actions against charges of patent infringement").

As the designer, manufacturer, and distributor of a significant percentage of the Accused Products, Nokia has a substantial interest in the litigation and is in the best position to defend against Iarnach's claims regarding that equipment. Nokia's motion is timely, and no existing party will suffer prejudice if Nokia intervenes. Moreover, Nokia's intervention will not result in the case being delayed. Thus, Nokia respectfully requests the Court's permission to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or, alternatively, that the Court allow intervention under Rule 24(b).

## II. STATEMENT OF FACTS

**Plaintiff Appears to Accuse of Infringement AT&T's Use of Nokia Equipment Allegedly in AT&T's Network.**[2] Iarnach accuses AT&T of infringing five U.S. patents because of AT&T's use of allegedly infringing components necessary for AT&T to provide fiber-optic networks and network services. Dkt. 1 at ¶61. Nokia supplies, among other things, equipment and technology incorporated by AT&T into these fiber-optic networks. Nokia's entry into the case will facilitate discovery related to this equipment. For example, Nokia's entry into the case will facilitate direct discovery of documents and other tangible evidence related to those Accused Products that reside with Nokia. Nokia has a substantial interest in protecting its equipment and technology and Nokia's entry into the case will streamline and simplify this litigation regarding the Nokia-supplied Accused Products.

**This Case is at an Early Stage in the Litigation.** Currently no activity has occurred in this case weighing against intervention. Iarnach filed its Complaint on May 26th, 2023. Dkt. 1. AT&T answered on August 4, 2023. Dkt. 12. Iarnach will serve its infringement contentions on September 14, 2023 and the scheduling conference is scheduled for September 28, 2023.

## III. ARGUMENT

Iarnach has accused Nokia's customer AT&T of infringing the Patents-in-Suit based on "all components necessary for AT&T to provide fiber-optic networks and network services, including its hardware and software, optical line terminals (ONTs), and optical network units (ONUs)/optical network terminals (ONTs)." Dkt. 1 at ¶61. Nokia supplies certain of the alleged equipment deployed in AT&T's network. This case thus presents a justiciable controversy as to

---

[2] The scope of Iarnach's infringement allegations also includes certain network equipment that AT&T may purchase from other suppliers, although Nokia lacks information about those other suppliers' network equipment.

Nokia. Nokia, as the designer, manufacturer, and distributor of the Nokia Accused Products, is in the best position to defend infringement claims against its equipment and technology. "[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its product." *Katz*, 909 F.2d at 1464 (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

Nokia is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). Nokia requests that the Court grant its motion and permit intervention in this matter. Intervention will allow Nokia to protect its equipment and technology from a charge of infringement.

### A.      **Mandatory Intervention**

Federal Rule of Civil Procedure 24(a)(2) provides that:

> On timely motion, the court must permit anyone on intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A proposed intervenor is entitled to mandatory intervention if all of the following elements are satisfied:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protest that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)).

Nokia satisfies each element required for intervention. First, Nokia's motion is timely, as it has been a less than three months since Iarnach filed its Complaint, and Iarnach has not yet served its infringement contentions accusing certain instrumentalities of allegedly infringing the Patents-in-Suit. *See, e.g., Edwards v. City of Houston*, 78 F.3d 983, 1000-01 (5th Cir. 1996) (en banc) (citing Fifth Circuit intervention cases finding that delays as long as five months or more are not unreasonable); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *9 (E.D. Tex. Dec. 7, 2017) (finding that a period of four months did not constitute impermissible delay); *Ericsson Inc. v. D-Link Sys.*, *Inc.*, No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. 205 (attached as Exhibit B) (granting Intel's partially opposed motion to intervene filed five months after the scheduling conference took place and nearly one year into the case). Furthermore, as Iarnach is not opposing this motion, there is no allegation that Iarnach is prejudiced by the timing of Nokia's motion. However, even if there were such an allegation, there is no basis for finding prejudice as discovery has not yet opened and claim construction has not begun. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely").

**Second**, Nokia has a substantial interest in defending its equipment and technology. Based on the allegations in Iarnach's Complaint, Iarnach is accusing equipment provided to AT&T by Nokia of infringing the Patents-in-Suit. Dkt. 1 at ¶¶61, 61. Courts routinely recognize that developers, manufacturers, and distributors of accused equipment and technology, such as Nokia, have a considerable interest in patent litigation against their customers. *See, e.g., U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649, at *13 (E.D.

Tex. May 10, 2010) ("[A] manufacturer such as Intel faces the loss of its customer base and reputation as a result of patent infringement allegations" (citation omitted)).

**Third**, Nokia's interest may be impaired because (1) adverse rulings could impact Nokia's relationships with its customers and (2) an adverse judgment could create precedent that might be used against Nokia and its customers in other proceedings related to Nokia equipment, software, and technology. *See, e.g., Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 424 (5th Cir. 2002) (The potential "stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention" (citation omitted)); *Team Worldwide Corp*., 2017 U.S. Dist. LEXIS 201769, at *13 ("[T]he ongoing sale and distribution of [the intervenor's] products is put at risk by [the plaintiff's] allegations of infringement."); *see also Katz*, 909 F.2d at 1464.

**Finally**, the existing parties are not situated to adequately represent Nokia's interests. As the designer and manufacturer of certain equipment and technology at issue in this litigation, Nokia is uniquely situated to understand and defend its own products. Thus, Nokia is capable of presenting a defense in support of its interests that could not be presented by AT&T alone. *See Sw. Bell Tel., L.P. v. Arthur Collins, Inc*., No. 3:04-cv-00669 (N.D. Tex. Jan. 28, 2005), Dkt. 50 at 5 (attached as Exhibit C) (finding under the inadequate-representation inquiry that "the customer would not be the best source for providing the detailed information about the [intervenor-manufacturer's] products."). Accordingly, Nokia has met its burden of demonstrating its need to independently defend its own equipment and technology.

### B.  Permissive Intervention

A second, independent basis for granting Nokia's motion is permissive intervention. Federal Rule of Civil procedure 24(b) requires only that the prospective intervenor have "a claim or defense that shares with the main action a common question of law or fact," and that the motion for intervention be timely filed. The claims and defenses that Nokia intends to plead share an

abundance of common questions of law and fact with the main action regarding Nokia Accused Products. For instance, Nokia will raise defenses of noninfringement and invalidity against the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent. The determination of validity necessarily involves the resolution of legal and factual issues within the scope of at least 35 U.S.C. §§ 102, 103, and/or 112. Any validity defense raised by AT&T will involve similar legal and factual issues. These overlapping factual issues are sufficient to warrant permissive intervention. *See Team Worldwide Corp.*, 2017 U.S. Dist. LEXIS 201769, at *19-20.

Moreover, as discussed in detail above, Nokia's motion is timely and will not unduly delay the proceedings or unduly prejudice the original parties, as evidenced by the fact that neither AT&T nor Iarnach opposes this motion. Furthermore, intervention in this case promotes both fairness and judicial economy given that Nokia's equipment and technology is directly at issue in this litigation. As permissive intervention is "wholly discretionary," the lack of prejudice or delay and the promotion of fairness and judicial economy further support granting Nokia's motion. *New Orleans Pub. Serv.*, 732 F.2d at 470-71.

**IV.   CONCLUSION**

For the foregoing reasons, Nokia respectfully requests that the Court enter an order granting Nokia leave to intervene, either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). Nokia further requests that it be granted leave to file a responsive pleading in intervention within two business days of its motion being granted.

DATED: September 8, 2023                    Respectfully submitted,

By: /s/ *M. Scott Stevens*
M. Scott Stevens
Stephen Lareau
Karlee Wroblewski
scott.stevens@alston.com
stephen.lareau@alston.com
karlee.wroblewski@alston.com
Vantage South End
1120 S. Tryon Street
Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

David Frist
Matthew Howell
James Atkison
david.frist@alston.com
matthew.howell@alston.com
james.atkison@alston.com
One Atlantic Center
1201 W Peachtree St. NE #4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

*Attorneys for Movant-Intervenor*
*Nokia of America Corporation*

8

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for Movant-Intervenor Nokia of America Corporation met and conferred with counsel for Defendant AT&T telephonically on August 29, 2023. Nokia also met with counsel for Plaintiff Iarnach regarding this motion via email from August 31, 2023 through September 7, 2023.

AT&T indicated that they do not oppose the relief sought herein.

Plaintiff, Iarnach, does not oppose Nokia's Motion to Intervene, based on Nokia's representation that Nokia's intervention in this case is limited to defending AT&T from and against claims arising out of or in connection with, in whole or in part, any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T.

/s/ *M. Scott Stevens*
M. Scott Stevens

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed electronically in compliance with Local Rule CV-5(a) on September 8, 2023.

/s/ *M. Scott Stevens*
M. Scott Stevens

9