# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| IARNACH TECHNOLOGIES LTD., | |
|     Plaintiff and Counterclaim Defendant, | Case No. 2:23-cv-00231 |
| | JURY TRIAL DEMANDED |
| v. | |
| AT&T INC., AT&T CORP., AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, and AT&T SERVICES INC., | |
|     Defendants and Counterclaim Plaintiffs, | |
| and | |
| NOKIA OF AMERICA CORPORATION, | |
|     Intervenor and Counterclaim Plaintiff, | |
| v. | |
| ATLANTIC IP SERVICES LIMITED, | |
|     Counterclaim Defendant. | |

## NOKIA'S SECOND AMENDED ANSWER IN INTERVENTION, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 24(c), Defendant-Intervenor Nokia of America Corporation ("Nokia") hereby files its Second Amended Answer in Intervention to Plaintiff Iarnach Technologies Ltd. ("Plaintiff")'s Complaint against AT&T filed on May 26, 2023 ("Complaint") (Dkt. 1) and Affirmative Defenses and Counterclaims.

## SCOPE OF NOKIA'S INTERVENTION

Nokia's intervention in this case is limited to defending AT&T from and against claims arising out of or in connection with, in whole or in part, any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T. Accordingly, any admission or denial in this Answer is likewise limited. To the extent Plaintiff's claims and allegations do not arise out of or in connection with, in whole or in part, any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

## GENERAL DENIAL

Nokia denies all allegations in the Complaint unless specifically admitted herein. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts. Nokia reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in this case. Nokia states as follows:

## PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES

1.      Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies them.

2.      Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.      Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies them.

4.      Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies them.

5. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies them.

6. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies them.

7. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies them.

8. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies them.

## PLAINTIFF'S ALLEGATIONS REGARDING NATURE OF THE ACTIONS

9. Nokia admits that the Complaint purports to assert a cause of action for patent infringement under the patent laws of United States, 35 U.S.C. § 1 *et seq*.

10. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies them.

## PLAINTIFF'S ALLEGATIONS REGARDING JURSIDICTION AND VENUE

11. The allegations in Paragraph 11 call for a legal conclusion, to which no response is required. To the extent that a response is required, Nokia admits that the Complaint purports to assert a cause of action for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Nokia admits that pursuant to 28 U.S.C. §§ 1331 and 1338(a), to the extent Plaintiff owns the Patents-in-Suit and has standing, this Court has subject matter jurisdiction over actions arising under the patent laws of the United States.

12. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies them.

13.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies them.

14.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies them.

15.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies them.

16.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies them.

17.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies them.

18.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies them.

19.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies them.

20.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies them.

21.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies them.

22.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies them.

23.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies them.

24.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore denies them.

25.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies them.

26.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies them.

27.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies them.

28.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies them.

29.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies them.

30.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies them.

31.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies them.

32.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies them.

33.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and therefore denies them.

34.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore denies them.

35.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore denies them.

36.     Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore denies them.

## PLAINTIFF'S ALLEGATIONS REGARDING BACKGROUND

37.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies them.

38.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies them.

39.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies them.

40.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore denies them.

41.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore denies them.

42.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies them.

43.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore denies them.

44.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies them.

45.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies them.

46.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and therefore denies them.

47. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and therefore denies them.

48. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and therefore denies them.

49. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and therefore denies them.

50. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint and therefore denies them.

51. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint and therefore denies them.

52. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and therefore denies them.

53.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and therefore denies them.

54.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and therefore denies them.

55.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and therefore denies them.

56.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and therefore denies them.

57.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore denies them.

58.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and therefore denies them.

59.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and therefore denies them.

60.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required, Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and therefore denies them.

## PLAINTIFF'S ALLEGATIONS REGARDING ACCUSED INSTRUMENTALITIES

61.    To the extent the allegations of Paragraph 61 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies that any components necessary for AT&T to provide fiber-optic networks and network services, including its hardware and software, optical line terminals (ONTs), and optical network units (ONUs)/optical network terminals (ONTs), infringe the Patents-in-Suit.

62.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 62 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 62.

63. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 63 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 63.

64. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 64 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 64.

65. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 65 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 65.

66. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 66 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 66.

67.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 67 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 67.

68.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 68 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 68.

**PLAINTIFF'S ALLEGATIONS REGARDING COUNT 1 – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,712,242**

69.     Nokia repeats its responses to paragraphs 1 through 68 as if fully set forth herein.

70.     Nokia admits that information on the face of the '242 Patent states that it is titled "Ranging Method and Apparatus in Passive Optical Network" and states that it was issued on April 29, 2014. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 and therefore denies them.

71.     Nokia admits that information on the face of the '242 Patent states that it is assigned to ZTE Corporation. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 and therefore denies them.

72.     To the extent Paragraph 72 cites to the '242 Patent, the '242 Patent speaks for itself.

73.     Nokia is without knowledge or information sufficient to admit or deny the allegations of Paragraph 73 and therefore denies them.

74. To the extent the allegations of Paragraph 74 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 74.

75. To the extent the allegations of Paragraph 75 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 75.

76. To the extent Paragraph 76 cites to the '242 Patent, the '242 Patent speaks for itself.

77. To the extent the allegations of Paragraph 77 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 77.

78. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 78 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 78.

79. To the extent the allegations of Paragraph 79 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 79.

80. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 80 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 80.

81.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 81 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 81.

82.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 82 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 82.

83.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 83 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 83.

84.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 84 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 84.

85.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 85 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 85.

86. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 86 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 86.

87. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 87 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 87.

88. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 88 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 88.

89. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 89 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 89.

90.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 90 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 90.

91.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 91 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 91.

92.     To the extent the allegations of Paragraph 92 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 92.

93.     To the extent the allegations of Paragraph 93 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 93.

94.     To the extent the allegations of Paragraph 94 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 94.

95.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 95 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 95.

96.     To the extent the allegations of Paragraph 96 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 96.

97.     To the extent the allegations of Paragraph 97 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 97.

## PLAINTIFF'S ALLEGATIONS REGARDING COUNT 2 – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,942,378

98.     Nokia repeats its responses to paragraphs 1 through 97 as if fully set forth herein.

99.     Nokia admits that information on the face of the '378 Patent states that it is titled "Method and Device for Encrypting Multicast Service in Passive Optical Network System" and states that it was issued on January 27, 2015. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 99 and therefore denies them.

100.    Nokia admits that information on the face of the '378 Patent states that it is assigned to ZTE Corporation. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100 and therefore denies them.

101.    To the extent Paragraph 101 cites to the '378 Patent, the '378 Patent speaks for itself.

102.    Nokia is without knowledge or information sufficient to admit or deny the allegations of Paragraph 102 and therefore denies them.

103.     To the extent the allegations of Paragraph 103 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 103.

104.     To the extent the allegations of Paragraph 104 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 104.

105.     To the extent Paragraph 105 cites to the '378 Patent, the '378 Patent speaks for itself.

106.     To the extent the allegations of Paragraph 106 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 106.

107.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 107 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 107.

108.     To the extent the allegations of Paragraph 108 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 108.

109.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 109 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 109.

110. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 110 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 110.

111. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 111 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 111.

112. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 112 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 112.

113. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 113 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 113.

114. To the extent the allegations of Paragraph 114 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 114.

115. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 115 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 115.

116. To the extent the allegations of Paragraph 116 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 116.

117. To the extent the allegations of Paragraph 117 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 117.

118. To the extent the allegations of Paragraph 118 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 118.

119. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 119 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 119.

120.    To the extent the allegations of Paragraph 120 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 120.

121.    To the extent the allegations of Paragraph 121 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 121.

## PLAINTIFF'S ALLEGATIONS REGARDING COUNT 3 – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,363,013[1]

122.    Nokia repeats its responses to paragraphs 1 through 121 as if fully set forth herein.

123.    Nokia admits that information on the face of the '013 Patent states that it is titled "Optical Network Unit Power Management in Passive Optical Networks" and states that it was issued on June 7, 2016. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 123 and therefore denies them.

124.    Nokia admits that information on the face of the '013 Patent states that it is assigned to ZTE Corporation. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 124 and therefore denies them.

125.    To the extent Paragraph 125 cites to the '013 Patent, the '013 Patent speaks for itself.

126.    Nokia is without knowledge or information sufficient to admit or deny the allegations of Paragraph 126 and therefore denies them.

---

[1] All infringement claims regarding U.S. Patent No. 9,363,013 were dismissed pursuant to a joint stipulation on May 29, 2024. Dkt. 71. Nokia denies any allegations of infringement regarding the '013 Patent.

127. To the extent the allegations of Paragraph 127 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 127.

128. To the extent the allegations of Paragraph 128 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 128.

129. To the extent Paragraph 129 cites to the '013 Patent, the '013 Patent speaks for itself.

130. To the extent the allegations of Paragraph 130 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 130.

131. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 131 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 131.

132. To the extent the allegations of Paragraph 132 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 132.

133. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 133 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 133.

134. To the extent the allegations of Paragraph 134 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 134.

135. To the extent the allegations of Paragraph 135 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 135.

136. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 136 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 136.

137. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 137 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 137.

138. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 138 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 138.

139.     To the extent the allegations of Paragraph 139 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 139.

140.     To the extent the allegations of Paragraph 140 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 140.

141.     To the extent the allegations of Paragraph 141 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 141.

142.     To the extent the allegations of Paragraph 142 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 142.

143.     To the extent the allegations of Paragraph 143 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 143.

144.     To the extent the allegations of Paragraph 144 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 144.

### PLAINTIFF'S ALLEGATIONS REGARDING COUNT 4 – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,806,892

145.     Nokia repeats its responses to paragraphs 1 through 144 as if fully set forth herein.

146.     Nokia admits that information on the face of the '892 Patent states that it is titled "Optical Network Unit Power Management in Passive Optical Networks" and states that it was

issued on October 31, 2017. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 146 and therefore denies them.

147.    Nokia admits that information on the face of the '892 Patent states that it is assigned to ZTE Corporation. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 147 and therefore denies them.

148.    To the extent Paragraph 148 cites to the '892 Patent, the '892 Patent speaks for itself.

149.    Nokia is without knowledge or information sufficient to admit or deny the allegations of Paragraph 149 and therefore denies them.

150.    To the extent the allegations of Paragraph 150 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 150.

151.    To the extent the allegations of Paragraph 151 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 151.

152.    To the extent Paragraph 152 cites to the '892 Patent, the '892 Patent speaks for itself.

153.    To the extent the allegations of Paragraph 153 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 153.

154.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 154 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 154.

155. To the extent the allegations of Paragraph 155 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 155.

156. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 156 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 156.

157. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 157 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 157.

158. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 158 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 158.

159. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 159 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 159.

160. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 160 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 160.

161. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 161 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 161.

162. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 162 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 162.

163. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 163 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 163.

164.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 164 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 164.

165.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 165 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 165.

166.     To the extent the allegations of Paragraph 166 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 166.

167.     To the extent the allegations of Paragraph 167 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 167.

168.     To the extent the allegations of Paragraph 168 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 168.

169.     To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 169 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 169.

170.    To the extent the allegations of Paragraph 170 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 170.

171.    To the extent the allegations of Paragraph 171 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 171.

### PLAINTIFF'S ALLEGATIONS REGARDING COUNT 5 – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,934,359

172.    Nokia repeats its responses to paragraphs 1 through 171 as if fully set forth herein.

173.    Nokia admits that information on the face of the '359 Patent states that it is titled "Method and Passive Optical Network System for Managing Uplink Burst Parameters" and states that it was issued on January 13, 2015. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 173 and therefore denies them.

174.    Nokia admits that information on the face of the '359 Patent states that it is assigned to ZTE Corporation. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 174 and therefore denies them.

175.    To the extent Paragraph 175 cites to the '359 Patent, the '359 Patent speaks for itself.

176.    Nokia is without knowledge or information sufficient to admit or deny the allegations of Paragraph 176 and therefore denies them.

177.    To the extent the allegations of Paragraph 177 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 177.

178.    To the extent the allegations of Paragraph 178 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 178.

179.    To the extent Paragraph 179 cites to the '359 Patent, the '359 Patent speaks for itself.

180.    To the extent the allegations of Paragraph 180 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 180.

181.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 181 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 181.

182.    To the extent the allegations of Paragraph 182 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 182.

183.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 183 are alleged to pertain to any components necessary for

AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 183.

184.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 184 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 184.

185.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 185 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 185.

186.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 186 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 186.

187.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 187 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 187.

188. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 188 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 188.

189. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 189 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 189.

190. To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 190 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 190.

191. To the extent the allegations of Paragraph 191 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 191.

192. To the extent the allegations of Paragraph 192 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 192.

193.    To the extent the allegations of Paragraph 193 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 193.

194.    To the extent the Complaint cites documents or other materials, those documents and other materials speak for themselves. To the extent any additional response is required and to the extent the allegations of Paragraph 194 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 194.

195.    To the extent the allegations of Paragraph 195 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 195.

196.    To the extent the allegations of Paragraph 196 are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies the remaining allegations of Paragraph 196.

## NOKIA DENIES IARNACH IS ENTITLED TO ITS PRAYER FOR RELIEF

To the extent the allegations in this Complaint are alleged to pertain to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, Nokia denies all allegations contained in Plaintiff's Prayer for Relief, and Nokia further denies that Plaintiff is entitled to any relief whatsoever, including any relief sought in paragraphs A through J of its Prayer of Relief. Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice.

## JURY DEMAND

Nokia respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## NOKIA'S DEFENSES

Nokia alleges and asserts the following defenses in response to the allegations contained in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Nokia specifically reserves all rights to allege additional defenses and counterclaims that become known through their investigation into Plaintiff's allegations during the course of discovery.

Nokia incorporates by reference the responses to the allegations *supra* in Paragraphs 1-196 of the Complaint as set forth above as if those responses have been fully set forth herein.

### FIRST DEFENSE
### (Non-Infringement)

197.    With respect to any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T, neither Nokia nor those products, software or services infringe and have not infringed, directly or indirectly, either literally or under the doctrine of equivalents, willfully, or in any other manner any valid and enforceable claim of any of the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent.

### SECOND DEFENSE
### (Invalidity)

198.    The claims of the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD DEFENSE
### (Estoppel/Waiver)

199.    Plaintiff's claims are barred in whole or in part by estoppel and/or waiver.

200. Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants during the prosecution of the patent applications resulting in the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent and related applications.

## FOURTH DEFENSE
### (Statutory Limitation on Damages)

201. Plaintiff's claims for alleged damages or costs, if any, for alleged infringement of the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent, are limited by 35 U.S.C. §§ 286, 287, and/or 288.

202. Under Section 287, Plaintiff is prohibited from recovering damages for activities alleged to have occurred before Plaintiff provided actual notice of activities alleged to infringe with respect to Nokia's products. No entity is liable to Plaintiff for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent.

203. On information and belief, Plaintiff's claims are barred, in whole or in part, as a result of failure to mark by Plaintiff or its licensee, or otherwise give proper notice of infringement of the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent.

204. Plaintiff has not plead compliance with 35 U.S.C. § 287 and, therefore, is barred from recovery of past damages.

205. Plaintiff is barred from recovering costs associated with this action under 35 U.S.C. § 288 and also because Plaintiff cannot show any conduct that entitles Plaintiff to attorneys' fees or costs.

## FIFTH DEFENSE

**(No Willful Infringement)**

206. Plaintiff is not entitled to enhanced or increased damages 35 U.S.C. § 284 because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

207. Plaintiff cannot show that an award of enhanced damages is appropriate at least because there has been no misconduct, let alone egregious misconduct.

208. Not acts of wrongdoing or infringement have been committed, and Plaintiff cannot show any willful infringement occurred.

## SIXTH DEFENSE
### (No Entitlement to Fees)

209. Plaintiff cannot prove that this is an exceptional case justifying award of attorney's fees pursuant to 25 U.S.C. § 285.

## SEVENTH DEFENSE
### (Lack of Standing)

210. To the extent that Plaintiff did not, or does not, hold all substantive rights to bring suit and to exclude others from practicing the claims of the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent, Plaintiff's claims are barred by lack of standing.

## EIGHTH DEFENSE
### (License, Implied License, Exhaustion)

211. Plaintiff's claims are barred, in whole or in part, by the doctrine of license, implied license, and/or exhaustion. For example, Plaintiff's claims are barred to the extent that its allegations rely on the operation of a licensed product or service.

## NINTH DEFENSE
### (Ensnarement)

212.    Plaintiff cannot assert the claims of the '242 Patent, '359 Patent, '378 Patent, '013 Patent, and '892 Patent under the doctrine of equivalents to cover the accused products because such an asserted claim scope would encompass or ensnare the prior art.

### TENTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

213.    Plaintiff's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

### ELEVENTH DEFENSE
### (Statutory Limitation)

214.    To the extent certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or the public good, Plaintiff's claims involving Nokia may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### TWELFTH DEFENSE
### (Failure to State a Claim)

215.    The Complaint fails to state a claim upon which relief can be granted.

### THIRTEENTH DEFENSE
### (No Injunctive Relief)

216.    Plaintiff's claims for relief are barred in whole or in part because Plaintiff is not entitled to injunctive relief. Any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

### RESERVATIONS

Nokia reserves the right to supplement and/or amend its defenses as discovery proceeds in this case.

## NOKIA'S COUNTERCLAIMS

Nokia, by and through its undersigned counsel, seeks declarations and judgments of noninfringement of U.S. Patent Nos. 8,712,242; 8,942,378; 9,806,892; and 8,934,359 against Iarnach as described herein. Nokia also seeks a judgment against Iarnach and Atlantic IP for breach of their RAND obligations to license the asserted patents on reasonable and non-discriminatory terms.

## PARTIES

1.      Nokia of America Corporation is a company organized under the laws of Delaware, with a principal place of business at 600 Mountain Avenue, Suite 700, Murray Hill, New Jersey 07974.

2.      According to Plaintiff's Complaint, Iarnach is a company duly organized and existing under the laws of Ireland with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.

3.      On information and belief, Atlantic IP Services Limited ("Atlantic IP"), is a company organized under the laws of Ireland with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. On information and belief, Atlantic IP is Iarnach's parent company, manages monetization of Iarnach's portfolio, and is the exclusive licensing arm or agent on behalf of Iarnach.

## JURISDICTION AND VENUE

4.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; and 28 U.S.C. §§ 1331, 1332, 1367, and/or 1338. This Court accordingly has jurisdiction over these counterclaims.

5.      The amount in controversy exceeds $75,000.

6. The Court has personal jurisdiction over Iarnach because it consented to the jurisdiction of this Court by filing its Complaint here.

7. The Court has personal jurisdiction over Atlantic IP for the same reasons as Iarnach because Atlantic IP is Iarnach's manager and licensing agent. Additionally, upon information and belief, Atlantic IP manages Iarnach's litigation in this State and District. Additionally, upon information and belief, Atlantic IP availed itself of this jurisdiction and courts in this State via its licensing activities on behalf of Iarnach for the Asserted Patents in this case.

8. Venue for these Counterclaims is proper in this District for Iarnach because Iarnach consented to the propriety of venue in this District by filing its Complaint here. Venue is also proper with respect to Iarnach under 28 U.S.C. § 1391(c)(3) and pendent venue.

9. Venue for these Counterclaims is proper in this District for Atlantic IP for the same reasons as Iarnach because Atlantic IP is Iarnach's licensing agent. Venue is also proper with respect to Atlantic IP under 28 U.S.C. § 1391(c)(3) and pendent venue.

## BACKGROUND FOR COUNTERCLAIMS 1-4

10. Nokia incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

11. Plaintiff Iarnach sued Nokia's customer AT&T on May 26, 2023, asserting five patents including U.S. Patent Nos. 8,712,242; 8,934,359; 9,363,013; 8,942,378; and 9,806,892 (collectively, "Patents-in-Suit").

12. Nokia provides AT&T with certain types of network equipment (the "Accused Products") that AT&T uses in its network, such as components necessary for AT&T to provide fiber-optic networks and network services. Iarnach has accused AT&T's use of such products of infringement in its Complaint and its infringement contentions.

13.     Iarnach's infringement claims against AT&T implicate Nokia, as Nokia supplies AT&T with certain Accused Products.

14.     On September 8, 2023, Nokia filed an unopposed Motion to Intervene, which was granted on September 18, 2023.

15.     Since intervening, Nokia has repeatedly requested, via discovery requests, that Iarnach answer whether it contends that Nokia's sale of the Accused Products to AT&T infringes any of the Patents-in-Suit, directly or indirectly.

16.     While Iarnach has confirmed that Nokia does not directly infringe, despite repeated attempts, Iarnach refuses to answer—one way or the other—whether Nokia's actions indirectly infringes, but Iarnach maintains its infringement case against AT&T's use of those very same Nokia products.

## BACKGROUND FOR COUNTERCLAIM 5

17.     The International Telecommunication Union Telecommunication Standardization Sector ("ITU-T") is an independent specification-development organization. The ITU-T assembles experts from around the world to develop international standards known as ITU-T Recommendations, which act as defining elements in the global infrastructure of information and communication technologies ("ICTs"). Specifications enable the interoperability of ICTs and the exchange of voice, video, or data messages, and enable global communications by ensuring that countries' ICT networks and devices are speaking the same language.

18.     The ITU-T promulgated the XGS-PON Recommendation, including its optional features that form the basis for Iarnach's infringement allegations in this litigation.

**Contractual Obligation to License Under RAND Terms Stems from ZTE**

19.     The original assignees of the Asserted Patents were ZTE Corporation and ZTE (USA) Inc. (collectively, "ZTE"). ZTE participated in the development of ITU-T Recommendations, including the XGS-PON Recommendation. As a member of the ITU-T and a participant in the XGS-PON development, ZTE made contractual commitments to the ITU-T to license its allegedly essential patents on terms that are reasonable and non-discriminatory or reasonable and demonstrably free of unfair discrimination (hereafter, "RAND"). The ITU-T's Common Patent Policy seeks from holders of allegedly essential patents declarations that they are prepared to grant licenses either "free of charge" or "on a non-discriminatory basis on reasonable terms and conditions." Where a patent holder refuses to make such a declaration and indicates that it is not willing to license under RAND terms, "the Recommendation/Deliverable shall not include provisions depending on the patent."

20.     The ITU-T's Common Patent Policy further states: "in addition to its existing General Patent Statement and Licensing Declaration in respect of its Contributions, the Patent Holder should, when appropriate (e.g. if it becomes aware that is has a Patent for a specific Recommendation), also submit an 'individual' Patent Statement and Licensing Declaration Form . . . for the Patents that the Patent Holder did not contribute to the Organization which are included in a Recommend."

21.     ZTE executed a General Patent Statement and Licensing Declaration where it contracted to license, under RAND terms, its patents that cover any contributions that ZTE made that were included in any ITU-T Recommendations.

22.     ZTE failed to execute any Patent Statement and Licensing Declaration towards any individual specification, including a declaration for the XGS-PON Recommendation.

23.     If the Asserted Patents are essential as Iarnach contends, ZTE had an obligation to license the Asserted Patents on RAND terms because it participated in the creation of the XGS-PON Recommendation and obtained patents that are purportedly essential to the XGS-PON Recommendation.

24.     Moreover, if the Asserted Patents were essential as Iarnach contends, ZTE also had an obligation to license the Asserted Patents under RAND terms based on its representations to the ITU-T.

## Iarnach's Obligation to License Under RAND Terms

25.     In 2022, Iarnach purchased a portfolio of patents from ZTE, which included the Asserted Patents. Iarnach is the current assignee of record.

26.     ZTE's obligation to license the Asserted Patents under RAND terms applies equally to Iarnach because Iarnach is the current assignee of the Asserted Patents, and the RAND commitment runs with the Asserted Patents.

27.     Iarnach also has an obligation to license the Asserted Patents under RAND terms because Iarnach admitted that it asserts that the Asserted Patents are essential to the XGS-PON Recommendation and has specifically committed to licensing the Asserted Patents on RAND terms.

## Atlantic IP's Obligation to License under RAND Terms

28.     Upon information and belief, when it acquired the Asserted Patents, Iarnach provided Atlantic IP with power of attorney over each of the Asserted Patents, and informed the PTO that correspondence regarding any of the Asserted Patents should be sent to Atlantic IP. On information and belief, Atlantic IP manages efforts to license Iarnach's patent portfolio and acts as Iarnach's agent in licensing activities.

29.     As an agent of Iarnach for licensing activities and as the entity with power of attorney over the Asserted Patents, Atlantic IP has an obligation to license the Asserted Patents under RAND terms for the same reasons as Iarnach.

**Iarnach's and Atlantic IP's Breach of Their Obligation to License Under RAND Terms**

30.     Iarnach and Atlantic IP did not negotiate or communicate with AT&T or Nokia before filing suit.

31.     Iarnach and Atlantic IP have not offered a license on any terms, much less under RAND terms, at any time before or after the instant litigation was initiated.

32.     Iarnach and Atlantic IP have not only refused to make an offer, but Iarnach (upon information and belief, at Atlantic IP's direction) also dragged out and/or refused to dismiss its meritless patent infringement allegations.

33.     On February 21, 2024, AT&T and Nokia's counsel sent Iarnach a letter providing clear evidence that neither AT&T nor Nokia infringe any of the five then-asserted patents and requesting that Iarnach withdraw its allegations.

34.     On May 8, 2024, May 9, 2024, and May 16, 2024, AT&T and Nokia's counsel served, but did not file, a series of sanctions motions demonstrating that Iarnach's allegations are baseless, especially in light of the information provided to Iarnach.

35.     While Iarnach has withdrawn one Asserted Patent and indicated its intent to withdraw a second, Iarnach has failed to dismiss the case and has failed to provide a good-faith basis for maintaining its baseless allegations.

36.     Additionally, despite knowing that the Asserted Patents are encumbered by licenses to potentially over a dozen third parties, Iarnach and Atlantic IP failed to acquire information on any of the listed encumbrances to the Asserted Patents and failed to act reasonably to attempt to

acquire such information. Iarnach and Atlantic IP, therefore, cannot know whether any offer or settlement discussions are under RAND terms.

37. Upon information and belief, Iarnach and Atlantic IP intend to present a theory of alleged damages that is inconsistent with their RAND obligations.

## COUNTERCLAIM COUNT 1

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,712,242)

38. Nokia incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

39. As reflected in the Complaint and Nokia's First Amended Answer, an actual controversy exists with respect to the purported infringement of U.S. Patent No. 8,712,242 ("'242 Patent") by Nokia as Nokia supplies Accused Products to AT&T.

40. Although Iarnach alleges in its Complaint that Nokia-supplied products infringe one or more claims of the '242 Patent, Nokia has denied these allegations and contends that it has not infringed, and does not infringe, any valid and enforceable claim of the '242 Patent directly, indirectly, literally, or under the doctrine of equivalents. Iarnach cannot meet its burden to prove infringement with respect to the Nokia-supplied products of any valid and enforceable claim of the '242 Patent. A justiciable controversy therefore exists between Iarnach and Nokia.

41. By this Counterclaim, Nokia seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe any valid and enforceable claim of the '242 patent.

42. A judicial determination as to noninfringement of any valid and enforceable claim of the '242 patent is necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT 2

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT

OF U.S. PATENT NO. 8,942,378)

43.    Nokia incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

44.    As reflected in the Complaint and Nokia's First Amended Answer, an actual controversy exists with respect to the purported infringement of U.S. Patent No. 8,942,378 ("'378 Patent") by Nokia as Nokia supplies Accused Products to AT&T.

45.    Although Iarnach alleges in its Complaint that Nokia-supplied products infringe one or more claims of the '378 Patent, Nokia has denied these allegations and contends that it has not infringed, and does not infringe, any valid and enforceable claim of the '378 Patent directly, indirectly, literally, or under the doctrine of equivalents. Iarnach cannot meet its burden to prove infringement with respect to the Nokia-supplied products of any valid and enforceable claim of the '378 Patent. A justiciable controversy therefore exists between Iarnach and Nokia.

46.    By this Counterclaim, Nokia seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe any valid and enforceable claim of the '378 patent.

47.    A judicial determination as to noninfringement of any valid and enforceable claim of the '378 patent is necessary and appropriate under 28 U.S.C. § 2201.

**COUNTERCLAIM COUNT 3**

**(DECLARATORY JUDGMENT OF NONINFRINGEMENT
OF U.S. PATENT NO. 9,806,892)**

48.    Nokia incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

49.    As reflected in the Complaint and Nokia's First Amended Answer, an actual controversy exists with respect to the purported infringement of U.S. Patent No. 9,806,892 ("'892 Patent") by Nokia as Nokia supplies Accused Products to AT&T.

50.     Although Iarnach alleges in its Complaint that Nokia-supplied products infringe one or more claims of the '892 Patent, Nokia has denied these allegations and contends that it has not infringed, and does not infringe, any valid and enforceable claim of the '892 Patent directly, indirectly, literally, or under the doctrine of equivalents. Iarnach cannot meet its burden to prove infringement with respect to the Nokia-supplied products of any valid and enforceable claim of the '892 Patent. A justiciable controversy therefore exists between Iarnach and Nokia.

51.     By this Counterclaim, Nokia seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe any valid and enforceable claim of the '892 patent.

52.     A judicial determination as to noninfringement of any valid and enforceable claim of the '892 patent is necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT 4

### (DECLARATORY JUDGMENT OF NONINFRINGEMENT
### OF U.S. PATENT NO. 8,934,359)

53.     Nokia incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

54.     As reflected in the Complaint and Nokia's First Amended Answer, an actual controversy exists with respect to the purported infringement of U.S. Patent No. 8,934,359 ("'359 Patent") by Nokia as Nokia supplies Accused Products to AT&T.

55.     Although Iarnach alleges in its Complaint that Nokia-supplied products infringe one or more claims of the '359 Patent, Nokia has denied these allegations and contends that it has not infringed, and does not infringe, any valid and enforceable claim of the '359 Patent directly, indirectly, literally, or under the doctrine of equivalents. Iarnach cannot meet its burden to prove infringement with respect to the Nokia-supplied products of any valid and enforceable claim of the '359 Patent. A justiciable controversy therefore exists between Iarnach and Nokia.

56. By this Counterclaim, Nokia seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe any valid and enforceable claim of the '359 patent.

57. A judicial determination as to noninfringement of any valid and enforceable claim of the '359 patent is necessary and appropriate under 28 U.S.C. § 2201.

**COUNTERCLAIM COUNT 5**

**(BREACH OF RAND OBLIGATION)**

58. Nokia incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

59. ZTE entered into express or implied contractual obligations with the ITU-T and its members, affiliates and adopters relating to the XGS-PON Recommendation. ZTE's irrevocable undertakings to the ITU-T, and implementers, to permit use of its allegedly essential patents, including the Asserted Patents, by manufacturers like Nokia on RAND terms created contractual agreements.

60. ZTE's contractual obligations apply to Iarnach, who is the current assignee of the Asserted Patents, and who is obligated to license the Asserted Patents on RAND terms. Alternatively, Iarnach is obligated to license the Asserted Patents on RAND terms because Iarnach asserts that the Asserted Patents are essential to the XGS-PON Recommendation and committed to licensing the Asserted Patents on RAND terms.

61. ZTE's contractual obligations also apply to Atlantic IP, who is responsible for managing licensing efforts for the Asserted Patents and who acts as a licensing agent for Iarnach. Atlantic IP, via its licensing efforts on behalf of Iarnach, is obligated to license the Asserted Patents on RAND terms for the same reasons as Iarnach.

62. Iarnach and Atlantic IP were contractually obligated, among other things, to grant licenses to the Asserted Patents consistent with the applicable patent policy of the standards and bylaws of the ITU-T.

63. These contractual obligations are enforceable by third-party beneficiaries of the agreements between ZTE and the ITU-T, including Nokia.

64. Iarnach and Atlantic IP breached their contractual commitments based on at least their conduct indicated above. In doing so, they also violated the implied covenant of good faith and fair dealing that adheres to every contract.

65. Iarnach and Atlantic IP also cannot satisfy their contractual commitments to license the Asserted Patents on RAND terms in future offers or negotiations because they cannot know what the RAND terms are without any encumbrance information.

66. As a result of Iarnach's and Atlantic IP's contractual breaches, Nokia has been injured in its business or property, including but not limited to Iarnach's claim for damages and attorneys' fees and costs to defend this meritless action.

67. As a direct and proximate result of Iarnach's and Atlantic IP's failure to abide by their contractual obligations and instead file the instant lawsuit, Nokia has been damaged, including by being forced to expend money in the form of attorneys' fees and related litigation costs.

## REQUEST FOR RELIEF

Nokia respectfully requests that this Court enter judgment as follows:

a.     A judgment dismissing Plaintiff's Complaint against AT&T with prejudice;

b.     A judgment in favor of all enumerated Defenses;

c.     A judgment in Nokia's favor on each Counterclaim;

d.      A judgment denying any relief whatsoever in favor of Plaintiff;

e.      A judgment that the claims of the Patents-in-Suit are invalid, pursuant to Nokia's and/or AT&T's affirmative defenses;

f.      A judgment of noninfringement (either directly or indirectly) of any valid claims of the Patents-in-Suit;

g.      Damages as a result of Iarnach's and Atlantic IP's breach of its RAND obligations;

h.      A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Nokia is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

i.      An award to Nokia of its fees and expenses of litigation, including but not limited to attorneys' fees and costs;

j.      A judgment limiting or barring Plaintiff's ability to enforce the Patents-in-Suit in equity; and

k.      Such other and further relief as this Court may deem just and proper.

DATED: July 5, 2024                              Respectfully submitted,

By: /s/ *M. Scott Stevens*
M. Scott Stevens
Stephen R. Lareau
Karlee N. Wroblewski
Matthew M. Welch
**ALSTON & BIRD LLP**
Vantage South End
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com
stephen.lareau@alston.com
karlee.wroblewski@alston.com
matt.welch@alston.com

John D. Haynes
David S. Frist
Matthew W. Howell
James H. Atkison
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W Peachtree St. NE #4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
john.haynes@alston.com
david.frist@alston.com
matthew.howell@alston.com
james.atkison@alston.com

Theodore Stevenson, III
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
ted.stevenson@alston.com

Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117

Facsimile: (903) 581-2543
ddacus@dacusfirm.com

*Counsel for Intervenor*
*Nokia of America Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *M. Scott Stevens*
M. Scott Stevens