IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IARNACH TECHNOLOGIES LTD., <br> *Plaintiff*, <br> v. <br> AT&T CORP., AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, and AT&T SERVICES INC., <br> *Defendants*, <br> NOKIA OF AMERICA CORPORATION, <br> *Intervenor*. | CIVIL ACTION NO. 2:23-CV-00231-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Nokia's Second Amended Answer for Lack of Subject Matter Jurisdiction (the "Motion") filed by Plaintiff Iarnach Technologies Ltd. ("Plaintiff" or "Iarnach"). (Dkt. No. 99.) In the Motion, Plaintiff moves to dismiss intervenor Nokia of America Corp.'s ("Nokia") counterclaims of noninfringement for failing to "allege a case or controversy sufficient to confer jurisdiction under 28 U.S.C. §2201(a)." (*Id.* at 1.) For the following reasons, the Court finds that the Motion should be **GRANTED**.

I.  INTRODUCTION

On May 26, 2023, Plaintiff filed its Complaint for Patent Infringement (the "Complaint"). (Dkt. No. 1.) In the Complaint, Plaintiff accuses Defendants AT&T Inc., AT&T Corp., AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services Inc. (collectively, "Defendants" or "AT&T")[1] of infringing U.S. Patent Nos. 8,712,242; 8,934,359;

---
[1] The Court later accepted and acknowledged Plaintiff's dismissal of AT&T Inc. without prejudice. (Dkt. No. 27.)

8,942,378; 9,363,013; and 9,806,892 (collectively, the "Asserted Patents" or "Patents-in-Suit"). (*Id*. ¶¶ 9, 69–196.) The Accused Products "include all components necessary for AT&T to provide fiber-optic networks and network services to its customers." (*Id*. ¶ 61.) The Complaint does not expressly refer to Nokia. (Dkt. No. 105 at 1 (Nokia admitting that "the complaint never used the word Nokia").)

On September 8, 2023, Nokia filed Movant-Intervenor Nokia's Unopposed Motion for Leave to Intervene (the "Motion to Intervene"). (Dkt. No. 30.) In the Motion to Intervene, Nokia stated that "as a designer, manufacturer, and seller of certain of the Accused Products [*i.e.*, equipment that AT&T uses in its network], [it] has a substantial interest in the litigation and is in the best position to defend infringement claims directed to those products." (*Id*. at 1–2.) Nokia further stated that it "is in the best position to defend against Iarnach's claims regarding" the Accused Products. (*Id*. at 2.) Importantly, Plaintiff did not oppose the Motion "based on Nokia's representation that *Nokia's intervention in this case is limited to defending AT&T* from and against claims arising out of or in connection with, in whole or in part, any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T." (*Id*. at 9 (emphasis added).)

The Court granted the unopposed Motion to Intervene. (Dkt. No. 31.) Thereafter, Nokia filed its Answer in Intervention and Affirmative Defenses to Plaintiff's Complaint Against AT&T. (Dkt. No. 32.)

Several months later, Nokia filed its First Amended Answer in Intervention, Affirmative Defenses, and Counterclaims (the "FAC"). (Dkt. No. 61.) In the FAC, Nokia raised for the first time counterclaims for declaratory judgments of noninfringement of each Asserted Patent. (*Id*. at Counterclaims ¶¶ 13–37.) In the FAC, Nokia alleges that it "has repeatedly requested, via

discovery requests, that Iarnach answer whether it contends that *Nokia's* sale of the Accused Products to AT&T infringes any of the Patents-in-Suit." (*Id*. ¶ 11 (emphasis added).) According to Nokia, "Iarnach refuses to answer—one way or the other—whether Nokia infringes, but Iarnach maintains its infringement case against AT&T's use of those very same Nokia products." (*Id*. ¶ 12.)

Plaintiff moved to dismiss Nokia's counterclaims. (Dkt. No. 62.) However, Nokia filed its Second Amended Answer in Intervention, Affirmative Defenses, and Counterclaims ("SAA," Dkt. No. 96). In light of the SAA, the Court dismissed Plaintiff's initial motion to dismiss as moot. (Dkt. No. 97.) Defendants similarly allege in the SAA that Plaintiff has not stated whether Nokia infringes the Asserted Patents. (Dkt. No. 96 at Counterclaims ¶¶ 10–16.) As before, the SAA includes counterclaims of noninfringement of "any valid and enforceable claim" of the Asserted Patents. (*Id*. ¶¶ 38–57.)[2]

## II. LEGAL STANDARD

"The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). "In assessing jurisdiction, the district court is to accept as true the allegations and facts set forth in the complaint." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has stated that a district court has "unique and substantial

---

[2] Nokia dropped its counterclaim for a declaratory judgment of noninfringement of U.S. Patent No. 9,363,013 when it filed the SAA. The Court also dismissed as moot Nokia's counterclaim for noninfringement of U.S. Patent No. 8,934,359. (Dkt. No. 155 at 2.)

3

discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also EMC Corp. v. Norand Corp.*, 89 F.3d 807, 814 (Fed. Cir. 1996) (holding that district courts have "broad discretion to refuse to entertain a declaratory judgment action"). "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The court must ask (1) "whether an 'actual controversy' exists between the parties" in the case; (2) whether it has authority to grant declaratory relief; and (3) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id*.

### III. ANALYSIS

The Court, under its broad discretion, finds that this Motion should be granted. Plaintiff has not accused Nokia of infringing the Asserted Patents. Plaintiff has only accused Defendants of infringing the Asserted Patents. (Dkt. No. 1.) When Nokia intervened in this action, it expressly represented to Plaintiff and the Court that its "***intervention in this case is limited to defending AT&T*** from and against claims arising out of or in connection with, in whole or in part, any components necessary for AT&T to provide fiber-optic networks and network services that Nokia actually has provided to AT&T." (Dkt. No. 30 at 9.) Nokia's representation is determinative: it affirmatively limited its intervention to *defending* AT&T. Nokia should not now go beyond the scope of this representation and request a declaratory judgment directly on its own behalf. Nokia must live with the position it has taken and the representations it has made. Nokia should have considered the need for asserting its own counterclaims when it made its representations to the Court and Plaintiff.

Nokia makes various arguments for why the Court should entertain its counterclaims. None are persuasive. In particular, the Court rejects Nokia's argument that its counterclaims are consistent with the representations it has made to the Court regarding its intervention. (Dkt. No.

4

105 at 11–12.) While Nokia states that it limited its counterclaims only to patent claims asserted against Defendants (Dkt. No. 105 at 11), that is not what Nokia's alleges. Instead, the SAA states that "[a] judicial determination as to noninfringement of *any valid and enforceable claim* of the [Asserted Patents] is necessary and appropriate under 28 U.S.C. § 2201." (Dkt. No. 96 ¶¶ 42, 47, 52, 57 (emphasis added).) Similarly, Nokia's counterclaims are not "limited to the specific products and services it supplies to AT&T relating to Iarnach's infringement contentions" (Dkt. No. 105 at 11.)—while the counterclaims do refer to "Nokia-supplied products," Nokia also generally alleges that it "has denied [that it infringes the Asserted Patents] and contends that it has not infringed, and does not infringe, any valid and enforceable claim." (Dkt. No. 96 ¶¶ 40, 45, 50, 55.) Nokia has failed to provide an adequate explanation for why it should now be allowed to expand the scope of its prior representation. Accordingly, and in the exercise of its recognized discretion, the Court finds that Nokia's noninfringement counterclaims should be dismissed.

## IV. CONCLUSION

For the reasons noted above, the Court finds that the Motion should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that Nokia's Counterclaim Counts 1–3 are hereby **DISMISSED**.[3]

**So ORDERED and SIGNED this 6th day of November, 2024.**

                                    RODNEY GILSTRAP
                                    UNITED STATES DISTRICT JUDGE

---

[3] The Court previously dismissed Counterclaim Count 4. (Dkt. No. 155 at 2). This Order of Dismissal is with Prejudice as to these claims being subsequently raised and asserted in the above-captioned case.